IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br>　　Plaintiff,<br><br>　　v.<br><br>**$25,100.00 IN UNITED STATES FUNDS,**<br>　　Defendant Property. | :<br>:　CASE NO.:<br>:<br>:<br>:<br>:<br>:<br>: |

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### *Nature of the Action*

1. This is a civil action *in rem* brought pursuant to Title 21, United States Code, Section 881(a)(6) to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit: twenty-five thousand, one hundred dollars ($25,100.00) in United States funds, (hereinafter referred to as the "Defendant Property").

### *The Defendant in Rem*

2. The Defendant Property consists of a total of twenty-five thousand, one hundred dollars ($25,100.00) in United States funds, and was seized from a 2010 silver Ford Flex registered to Rosa Lopez-Chavez, on or about January 11, 2020, on Highway

316 westbound near Highway 78, Oconee County, Georgia.  The Defendant Property is presently in the custody of the United States Marshals Service, having been deposited into the Seized Asset Deposit Fund Account.

### *Jurisdiction and Venue*

3. Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

4. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District.  Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant in rem pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this District, and 28 U.S.C. § 1395, because the Defendant Property was seized in Oconee County, Georgia, which is a place within the Middle District of Georgia.

6. After the seizure of the Defendant Property, the United States Department of Justice, Federal Bureau of Investigation ("FBI"), began administrative forfeiture proceedings.  On or about March 18, 2020, Raul Dominguez-Hernandez and Rosa Lopez-Chavez, filed an administrative claim through counsel, Erin Kelley Esq., Porter Legal Group, 1111 Belt Line Road, Suite 207, Garland, Texas 75040, for the Defendant Property

with the FBI, after which the FBI referred the matter to the United States Attorney for the Middle District of Georgia. The time to file a forfeiture complaint or include the property in an indictment was set to expire on August 17, 2020.

### *Basis For Forfeiture*

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of the Controlled Substances Act; 2) proceeds traceable to such an exchange; and/or 3) money used or intended to be used to facilitate a violation of the Controlled Substances Act.

### *Factual Allegations*

8. Beginning in January of 2019, the FBI, Middle Georgia Safe Streets Gang Task Force ("MGSSGTF") in partnership with the Northeast Georgia Regional Drug Task Force ("NEGRDTF") and the Athens-Clarke County Police Department ("ACCPD") began an investigation into the drug distribution activities of an individual identified as Rickshun Dewayne Willingham (hereinafter referred to as "Willingham"), and others known and unknown occurring in the Athens-Clarke County, Georgia area.

9. On January 11, 2020, at the direction of the FBI, the Oconee County Sheriff's Office ("OCSO") conducted a traffic stop of a courier vehicle identified during investigative surveillance, believed to be involved in certain currency/drug transaction exchanges. The driver of the vehicle was identified as Crisanto Dominguez-Hernandez, and the two adult passengers were identified as Raul Dominguez-Hernandez and Rosa Lopez-Chavez.

10. During a consent search of the vehicle, deputies of the OCSO located a large amount of United States currency in the amount of twenty-five thousand, one hundred dollars ($25,100.00) inside of a purse belonging to Rosa Lopez-Chavez. The currency consisted of one (1) bundle containing two thousand dollars ($2,000.00), fourteen (14) bundles of one thousand dollars ($1,000.00), one (1) "Wells Fargo" envelope containing ten thousand dollars ($10,000.00), and two (2) loose fifty dollar ($50.00) bills.

11. A multi-count indictment was returned on January 15, 2020, by a Federal Grand Jury in Criminal Case Number 3:20-CR-08 (CAR), in the Middle District of Georgia, charging Defendant Willingham and fifteen (15) other defendants with, *inter alia*, Conspiracy to Possess with Intent to Distribute Methamphetamine, Heroin, and Crack Cocaine.

12. Based on the investigation and possible subsequent indictments, the Government filed a Motion to Extend Time to Commence Judicial Action on August 5, 2020, which was granted by the Court on August 6, 2020, up to and including October 16, 2020. *See* MDGA Miscellaneous Case No. 3:20-MC-03 (CAR).

13. Based on the same investigation, a second multi-count indictment was returned on September 17, 2020, by a Federal Grand Jury in Criminal Case Number 3:20-CR-45 (CAR), in the Middle District of Georgia, charging Defendants Raul Dominguez-Hernandez and Rosa Lopez-Chavez, *inter alia*, with Conspiracy to Possess with Intent to Distribute Heroin, Methamphetamine, Cocaine and Heroin. A detailed forfeiture notice was included for Defendants Raul Dominguez-Hernandez and Rosa Lopez-Chavez as to

the twenty-five thousand, one hundred dollars ($25,100.00) in United States funds. *See* MDGA Criminal Case Number 3:20-CR-45 (CAR), Doc. 1, pp. 7-8.

14. Both Defendants, Raul Dominguez-Hernandez and Rosa Lopez-Chavez, completed pre-trial diversion. For the foregoing reason, on May 23, 2022, the Government filed Motions to Dismiss the Indictment as to Dominguez-Hernandez and Lopez Chavez, and the Court granted the motions on May 24, 2022. *See* MDGA Criminal Case Number 3:20-CR-45 (CAR), Docs. 164-167.

15. After the Indictment was dismissed as to Dominguez-Hernandez and Lopez-Chavez, they agreed to sign an Abandonment and Waiver of Claims as to Certain Property and Consent to Civil Forfeiture. Dominguez-Hernandez and Lopez Chavez admitted that they were the sole owners of the twenty-five thousand, one hundred dollars ($25,100.00), and consented to the civil forfeiture of the currency by waiving any deadlines under the Civil Asset Forfeiture Reform Act of 2000. Copies of the signed abandonments are collectively attached hereto as Exhibit A to the Verified Complaint.

16. The Defendant Property seized by OCSO and subject to this civil judicial action consists of twenty-five thousand, one hundred dollars ($25,100.00) in United States funds.

## *Conclusion*

17. Based on the foregoing, probable cause exists to believe that the Defendant Property constitutes money furnished or intended to be furnished in exchange for a controlled substance, in violation of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, punishable by more than one year's imprisonment, constitutes proceeds traceable to such

an exchange, and/or constitutes money used or intended to be used to facilitate a violation of the Controlled Substances Act, and is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted, this 9th day of November, 2023.

        PETER D. LEARY
        UNITED STATES ATTORNEY

BY:   *s/ Sean S. Deitrick*
        SEAN S. DEITRICK
        Assistant United States Attorney
        Tennessee Bar Number: 32064
        Washington D.C. Bar Number: 1030533
        United States Attorney's Office
        Middle District of Georgia
        Post Office Box 1702
        Macon, Georgia 31202-1702
        Telephone: (478) 621-2711
        Facsimile: (478) 621-2655
        E-mail: Sean.Deitrick@usdoj.gov